603 P.2d 510

**Edgar Q. LAMB and Louise Lamb, his wife, Appellants,**

v.

**ARIZONA COUNTRY CLUB, an Arizona Corporation, Appellee.**

**1 CA–CIV 3864.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 30, 1978.

Rehearing Denied Jan. 4, 1979.

Review Denied Jan. 30, 1979.

Carson Messinger Elliott Laughlin & Ragan by G. Wayne McKellips, Jr., Phoenix, for appellants.

Duecy, Moore, Petsch, Robinson & Bennett by Roy R. Petsch, Scottsdale, for appellee.

OPINION

FROEB, Chief Judge.

Appellants Edgar and Louise Lamb (the Lambs) appeal from an order entered on January 14, 1977, which denied their motion to set aside a judgment stipulated by the Lambs and appellee, Arizona Country Club (the Club). The issue before this court is whether the superior court judge abused his discretion in denying the Lambs' motion. We hold that he did not.

The essential facts leading to the stipulated judgment are as follows. The Club sought to quiet title to a private roadway which was adjacent to the Lambs' property on the south and the Club's golf course on the west. The Lambs answered and counterclaimed asserting easement rights to the roadway by virtue of the original subdivision plat and adverse possession. The matter was set for trial, but the parties reached a settlement prior to the trial date and signed a stipulated judgment which was entered on June 25, 1976.

The stipulated judgment, which embodied the terms of the settlement, ordered that the Club be granted the southerly 80 feet and the Lambs be granted the northerly 20 feet of the roadway. Subsequent to the entry of judgment, the Club sold the 80 feet granted to it in the judgment to a third party, Charles McCurry, for use as a residential lot. After a discussion with McCurry regarding their respective boundaries, the Lambs contend they discovered that the settlement agreement did not give them as much property as they thought they bargained for. In the quiet title suit which followed, they claimed they had a mistaken belief as to where their property line was located and, that by reason of this mistake, the settlement should be invalidated.

Following entry of the stipulated judgment, the Lambs moved, pursuant to 16 A.R.S., Rules of Civil Procedure, Rule 60(c), to set it aside on the ground that the settlement agreement was the result of their mistake, inadvertence, surprise, or excusa-

ble neglect, and/or fraud or misconduct by appellee. Following the submission of memoranda and oral argument, the court entered a written order denying the motion.

To give full perspective to the issues on appeal, it must be kept in mind that this lawsuit originated to quiet title to the property in question. The property issues disappeared when the Lambs and the Club entered into a settlement of their rights to the property prior to trial. Since the settlement was embodied in a judgment to which both agreed, the lawsuit was thereby concluded. Thereafter the Lambs determined that they should not be bound by the settlement. To place this issue before the trial court, the Lambs filed a Rule 60(c) motion to set aside the judgment. Since the claimed infirmity of the judgment was in fact the claimed failure of the settlement agreement, the motion urged substantive arguments to the trial court relating to infirmities in the settlement. The relief sought by the Lambs was that the settlement be set aside and the parties be restored to their earlier position in the quiet title action as set forth in the original pleadings.[1]

The nature of the motion was, therefore, to combine the discretionary provisions of Rule 60 with the substantive rules of contract law in order to gain relief from both the judgment and the settlement. In such a context, the trial court necessarily had to consider substantive law pertaining to the avoidance of contracts before considering whether to vacate the judgment pursuant to the discretionary provisions of Rule 60(c). In other words, as presented to the trial court, the settlement had to be successfully attacked before the judgment would be vacated.[2]

We turn then to the fundamental question of whether the trial court erred by not invalidating the settlement and setting aside the judgment.

The appeal is from the January 14, 1977, order denying the Lambs' motion to set aside the judgment. The order was based

---

1. There is some language in the motion which, if taken alone, would indicate that the Lambs sought relief only from the judgment and that being so relieved they would "move to amend their complaint to seek rescission of their settlement agreement and to quiet title to the property . . . ." Read as a whole, however, the unmistakable thrust of the motion was for an order which would set aside the settlement agreement as well as the judgment. The responding memorandum of the Club was devoted entirely to an argument against setting aside the settlement. The reply of the Lambs to the response is also directed to invalidating the settlement.

2. There is something of a procedural dilemma in this situation. Whether the settlement agreement is enforceable depends upon the application of contract principles. Yet before contract principles can be applied, the judgment must be vacated. Nevertheless, the judgment cannot be vacated unless the infirmity in the contract is shown. The dilemma could be avoided if an independent action were brought to vacate the judgment, as specifically authorized by Rule 60(c). The complaint in the independent action would allege the precise grounds for avoidance of the contract and as part of the relief sought would urge that the judgment be set aside. The answer would join the issues relating to contract avoidance. The trial would resolve disputed issues of fact relating to the validity of the contract. An outcome in favor of the plaintiff would restore the parties to their position established by the pleadings in the original suit. The disadvantage of this is its obvious circuity. Nevertheless, the difficulty with invalidating a settlement agreement on motion pursuant to Rule 60(c) is that the procedural steps are short-circuited: there are no pleadings joining the issue and as a consequence there may be an incomplete exposition of the facts and a misguided application of the law and burden of proof.

In order to avoid the circuity of action, the trial court could determine from the memoranda submitted with the Rule 60(c) motion that a sufficient preliminary showing has been made regarding the infirmity of the settlement agreement and vacate the judgment on condition that the issue relating to the avoidance of the settlement agreement be alleged by way of supplemental pleadings and adjudicated before it in the normal course of trial procedure. The outcome would then determine whether the judgment should either be re-entered or whether the parties should be restored to their pre-settlement position under the original pleadings.

The procedure of trying both the settlement and vacation-of-judgment issue at one time under a Rule 60(c) motion (as was done here) can accomplish the same result, but it has the potential of confusing the procedural and substantive issues.

upon the memoranda of counsel, affidavits, pleadings, exhibits on file, and some testimony. Considerable argument is presented in the Lambs' memoranda to the effect that they made a mistake as to where their boundary line was located. The responding memorandum of the Club argues that the facts indicate the Lambs did not make a mistake, and if they did it was unilateral. There is no transcript of testimony. On this record, we hold the trial court was not compelled to invalidate the settlement. As a consequence, the trial court properly refused to set aside the judgment under Rule 60(c).

The Lambs place considerable reliance upon the decision in *United States v. Gould*, 301 F.2d 353 (5th Cir. 1962) in support of their argument that the judgment should be set aside. The case differs, however, from the present case. In *Gould*, the Government filed what in Arizona would be a Rule 60(c) motion to vacate a stipulated judgment which followed a settlement in a condemnation suit. Gould, the property owner, countered with a motion to dismiss the Government's motion, which was granted. On appeal, the court ruled that the motion to dismiss had been improperly granted because the Government deserved, under its Rule 60 motion, the opportunity to prove its contention that the stipulation for judgment should be set aside. Here the Lambs had that very opportunity and the trial court ruled adversely to them. The decision in the *Gould* case returned the case to the trial court for consideration of the Rule 60 motion "on its merits." In this case, the adjudication of the merits of the Rule 60 motion has already taken place.

After the court in this case denied the Rule 60 motion, the Lambs filed a "motion for rehearing", raising essentially the same issues. After hearing argument, the court, by minute entry dated February 11, 1977, stated as follows:

> After hearing argument from both sides, the Court believes that an evidentiary hearing of not more than three hours would be helpful to the Court to determine factually whether the property was sold to an innocent third party whose interest relates to the fact they have made expenditures in the same.
>
> The terms and dates and obligations of all of the parties should be clarified at the hearing.

An evidentiary hearing was held on March 4, 1977, at which two witnesses testified: Charles P. McCurry (the "buyer" of the property which was auctioned and sold after the settlement) and G. Wayne McKellips, counsel for the Lambs. It appears that the sole purpose of the hearing was to determine the effect of the sale to a third party. Although counsel for the Lambs argued that the evidentiary hearing should be broadened to all issues, the court sustained the objection of the Club to the effect that the only purpose of the hearing was to determine what effect, if any, the McCurry sale had upon the settlement. In any event, nothing was presented at the hearing which required the trial court to invalidate the settlement. The trial court denied the "motion for rehearing" on March 8, 1977.[3]

There is contained in the March 8, 1977, minute entry a summary of the facts and certain findings and conclusions made by the trial judge. The conclusion not to set aside the judgment was based essentially on the same grounds announced in the January 14, 1977, order denying the motion to set aside. The Lambs draw our special attention to that part of the March 8 order in which the trial court states that Dr. Lamb made a mistake as to his boundary line when he entered into the settlement. Apart from the fact that the only testimonial record supporting this finding is the affidavit of Edgar Lamb, the finding does not compel an order invalidating the settlement. At most, the mistake is shown to have been unilateral and not mutual. It, therefore, provided no basis for invalidating

---

**3.** No issue is raised either as to the separate appealability of this order or whether it is properly before the court by reason of the fact that the appeal is from the order of January 14, 1977.

the settlement. Moreover, there was no showing that the Club was aware that the Lambs were mistaken as to their boundary line, or that the Club caused or contributed to this mistake. Finally, the sale of the lot to McCurry, arguably the only proper subject of the hearing upon the motion for rehearing, was found by the trial court as a further reason for denying relief to the Lambs.

We conclude that the basic question relating to the validity of the settlement was adjudicated by the trial court in the Rule 60 proceedings and that nothing in the record presented to this court required the trial court to find it invalid. Once that question was decided, there existed no basis for discretionary relief from the judgment under Rule 60(c). The motion was properly denied.

Affirmed.

HAIRE, P. J., and DONOFRIO, J., concur.