592 P.2d 849

**Wiley PULLIN and Shirley Pullin, husband and wife, Plaintiffs-Appellants,**

**v.**

**CITY OF KIMBERLY, a Municipal Corporation of the State of Idaho, Defendant-Respondent.**

No. 12802.

Supreme Court of Idaho.

March 30, 1979.

Susan Porter-McClard, of Webb, Burton, Carlson & Pedersen, Twin Falls, for plaintiffs-appellants.

William J. Langley, of Langley & Edwards, Twin Falls, for defendant-respondent.

DONALDSON, Justice:

The plaintiffs-appellants Wiley Pullin and Shirley Pullin, husband and wife, initiated an action on August 5, 1976 in which they sought to enjoin the defendant-respondent, City of Kimberly, from trespassing or exercising any dominion over a 25 foot strip of real property situated parallel to and immediately adjacent to the eastern boundary of the plaintiffs-appellants' premises within the municipal boundaries of the City of Kimberly. Appellants additionally sought a decree to quiet title of this strip of real property in themselves.

After answering appellants' complaint, defendants-respondents moved for summary judgment. In support of this motion respondent submitted a certified copy of a plat filed with the Twin Falls County Recorder in April, 1909 which indicates that the property in question was originally designated and dedicated as a street for public use. Respondent also submitted the affidavit of the Kimberly City Clerk stating essentially that the books and records of Kimberly contain no indication that the City of Kimberly has ever vacated the land in question. Appellants submitted affidavits in opposition to the motion for summary judgment to the effect that the City of Kimberly represented to them and the public that Kimberly had vacated the 25 foot strip of land. The trial court granted the motion and entered an order dismissing the complaint against the City of Kimberly.

At the time of the hearing on the motion for summary judgment, appellants' counsel failed to note that the certified copy of the plat in question did not meet the statutory requirements for the acceptance of dedicated property or for recordation of the subdivision plats in effect at the time the plat was recorded. Because neither party addressed this point at the summary judgment hearing, appellants timely moved pursuant to I.R.C.P. 60(b) to vacate the order of summary judgment and judgment. The district court denied appellants' motion and subsequently awarded costs and attorneys' fees to the respondent on the summary judgment. Appellants then brought this appeal.

On appeal, the Pullins present two issues. First, did the district court err in granting the city's motion for summary judgment. Secondly, if the court's order granting city's motion was appropriate, should the court have granted the Pullins' motion to set aside the summary judgment order.

A trial judge should not grant a motion for summary judgment if the evidence, construed in the light most favorable to the party opposing the motion (here the Pullins), presents a genuine issue of material fact or shows that the respondent (the city) is not entitled to judgment as a matter of law. *Argyle v. Slemaker*, 99 Idaho 544, 585 P.2d 954 (1978); *see* I.R.C.P. 56(c). If either condition is satisfied, summary judgment was improper and must be reversed. *Id.*

The Pullins' complaint alleges that they are the owners of the 25 foot strip of real property in question and that the city makes claim of title to that property hostile to the Pullins. The city, by way of specific denial, put the Pullins' ownership of the disputed property in issue. In their affidavits in opposition to the city's motion for summary judgment, the Pullins based their claim of ownership upon the city's vacation of the 25 foot strip of property. However, the city's introduction of the recorded plat and its submission of the City Clerk's affidavit indicated that the city had never va-

36

cated that 25 foot strip. It was apparently upon this evidence that the city had never vacated the property that the court determined that there was no genuine issue of material fact to be submitted to the court and that as a matter of law the city was entitled to a judgment.

There is no indication in the record that the trial court at the time of the summary judgment motion considered other theories upon which the Pullins could have based their claim of ownership. While in some factual situations, a failure to consider other possible theories and attending unresolved questions of fact may compel the conclusion that the trial court erred in granting the motion for summary judgment, the facts available to the trial judge in this case do not compel such a conclusion. See Jones v. State, 85 Idaho 135, 376 P.2d 361 (1962).

■ The only other theory available to the Pullins was that of adverse possession.[1] However, it is well settled in Idaho that an abutting landowner's use or possession of an unused portion of a highway is not adverse to the public and cannot ripen into a right or title by lapse of time no matter how long continued. Rich v. Burdick, 83 Idaho 335, 362 P.2d 1088 (1961). Given the facts presented to the trial judge at the time of the motion for summary judgment, we cannot say either that there was a genuine issue of material fact or that the city was not entitled to a judgment as a matter of law. The trial court did not err in granting the city's motion for summary judgment.

We turn then to the Pullins' contention that in light of the newly discovered fact that the certified copy of the plat containing the disputed 25 foot strip of land did not meet the statutory requirements for the acceptance of dedicated property or for recordation of the subdivision plats in effect at the time the plat was recorded, the trial judge should have granted the Pullins' I.R.

C.P. 60(b) motion to vacate the order of summary judgment and judgment.

■ The decision to grant or deny relief pursuant to a 60(b) motion is within the discretion of the trial court. 7 Moore's Federal Practice ¶ 60.19; cf. Hearst Corp. v. Keller, No. 12784 (1979) (motion to set aside default judgment). Accordingly the scope of our appellate review here focuses on whether the trial judge abused his discretion in denying the Pullins' motion to vacate the order of summary judgment and judgment. See Lisher v. Krasselt, 96 Idaho 854, 538 P.2d 783 (1975). It is incumbent upon the Pullins then to affirmatively show error on the record. This Court will not presume error on the part of the trial court absent such a showing by them. Dawson v. Mead, 98 Idaho 1, 557 P.2d 595 (1976).

■ While it is true that a motion to vacate judgment under rule 60(b)(1) is an appropriate way to attack an order denying an appellant's post judgment motion if the requisite "mistake, inadvertence, surprise or excusable neglect" can be shown, Sines v. Blaser, 98 Idaho 435, 566 P.2d 758 (1977), this Court, after reviewing the record, is of the opinion that the Pullins have failed to show the requisite mistake and inadvertence necessary to justify relief under this section. They have not created a record on appeal which in any way indicates that the trial judge abused his discretion in this matter.

The Pullins' only showing with respect to mistake and inadvertence to justify relief under 60(b)(1) was in the form of the counsel's affidavit attached to the motion to vacate. In that affidavit, counsel stated that in preparing for the earlier motion for summary judgment, she examined the Burrington Subdivision plat recorded in Twin Falls County and that through mistake and inadvertence she did not notice that the plat did not meet the statutory requirements of Chapter 13 in the Idaho Code.

Our view is that, in the absence of a showing that the mistake and inadvertence

1. Because the Pullins' allegation of ownership of the 25 foot strip of property was general in nature, they were not precluded from proving their ownership based on the theory of adverse possession. Under a general allegation of ownership, proof may be made of title by adverse possession. Woll v. Costella, 59 Idaho 569, 85 P.2d 679 (1938).

of counsel was not a result of carelessness, *see United States v. Thompson*, 438 F.2d 254 (8th Cir. 1971), and in the absence of any suggestion that the lack of statutory acceptance on the plat was a fact not available to plaintiffs prior to the summary judgment hearing or that its absence could not have been discovered by the exercise of due diligence, *see Kahle v. Amtorg Trading Corp.*, 13 F.R.D. 107 (D.N.J.1952), or that there were exceptional circumstances which precluded plaintiffs from discovering its absence prior to the summary judgment hearing, *see DeVito v. Fidelity & Deposit Co. of Md.*, 361 F.2d 936 (7th Cir. 1966), the plaintiffs have failed to make a showing sufficient to justify relief from judgment under I.R.C.P. 60(b)(1).[2]

The trial judge did not abuse his discretion in denying the Pullins' 60(b) motion. Order granting summary judgment and judgment and order denying motion to vacate affirmed.

McFADDEN and BISTLINE, JJ., concur.

SHEPARD, C. J., concurs in result.

BAKES, J., dissents without opinion.

2. We need not consider the Pullins' suggestion in their appellate brief that they are entitled to relief under I.R.C.P. 60(b)(6). In the first instance, their 60(b) motion in the district court was phrased in the language of 60(b)(1) only. Secondly, it is well settled that 60(b)(1) and 60(b)(6) are mutually exclusive provisions, such that a ground for relief asserted, falling fairly under 60(b)(1), cannot be granted under 60(b)(6). 7 Moore's Federal Practice ¶ 60.22 2 *citing United States v. Erdoss*, 440 F.2d 1221 (2nd Cir. 1971).