761 P.2d 1236

Vaughn CROSS and Lila Cross, husband and wife, Plaintiffs–Appellants,

v.

Boyd MOULTON and Jane Doe Moulton, husband and wife, Defendants–Respondents.

No. 17168.

Court of Appeals of Idaho.

Aug. 31, 1988.

Rehearing Denied Oct. 14, 1988.

---

Marc J. Weinpel of Weinpel, Woolf, Just, Combo & Davis, Idaho Falls, for plaintiffs-appellants.

Roy D. Moulton, Driggs, for defendants-respondents.

SWANSTROM, Judge.

The single issue in this appeal is whether the district judge abused his discretion in refusing to set aside a stipulation settling a boundary dispute. In 1981, Vaughn and Lila Cross filed a petition for declaratory judgment seeking to be declared the owners of real property in Teton County. The Crosses alleged that the boundary line between their property and that of their neighbors, the Moultons, coincided with an old fence line. In 1980 the Moultons had removed this fence following a survey which established that the fence was located entirely on their property and was not on the described boundary between the two neighbors. The Moultons erected a new fence on their described property line and subsequently subdivided this part of their property. Several of the lots along the new boundary fence were later sold.

After several continuances, the Crosses' suit was set for trial on February 4, 1987. On that day, the parties negotiated and apparently reached a settlement. The terms were announced in court by the Crosses' counsel. He stated that the parties had agreed the property line would remain as indicated by the new survey and fence. The Crosses were to have judgment against the Moultons in the amount of $2,000, with each party paying his or her own attorney fees and costs. The court then asked the Crosses' counsel to prepare a judgment for execution by the court. Over a month elapsed without a proposed judgment being submitted. Accordingly, on March 12, the court sua sponte sent the parties a notice of intent to dismiss the case pursuant to the stipulation when the $2,000 was paid.

Shortly after, although no judgment or order had been entered, the Crosses filed a motion for relief under I.R.C.P. 60(b). They alleged that they entered into the stipulation as the result of an excusable mistake in their understanding of the terms of settlement. The motion was denied by the court and judgment was entered in accordance with the stipulation. The Crosses appeal this final judgment, contending that the district court erred in its denial of the Rule 60(b) motion. We affirm.

In their Rule 60(b) motion and the supporting affidavits the Crosses contended that the terms of the settlement were misunderstood due to the unique circumstances under which the stipulation was made. They noted that on the day of trial, Vaughn Cross was in the hospital for open heart surgery and was unable to attend the court proceeding. Due to the difficulties of obtaining a trial date and the lengthy continuances, the Crosses decided that the trial should proceed with only Lila Cross present. At some point during Lila's discussions with counsel and conversations by telephone with Vaughn, the Crosses became convinced the settlement was to be $2,000 for each acre of the disputed property, some eight or nine acres, and not $2,000 as a total amount. According to the Crosses, the true nature of the stipulation was learned only after it was discussed at the court proceeding. The Crosses contended that Lila's preoccupation with Vaughn's operation led to this misunderstanding of the terms of the stipulation.

We preface our analysis by noting an apparent procedural irregularity inherent in the Crosses' motion. Under I.R.C.P. 60(b), a party may move for relief from a final judgment, order or proceeding for any one of several enumerated reasons. As noted, the Crosses filed their motion after the court gave notice of its intent to dismiss the case pursuant to the parties' earlier stipulation. The Crosses' motion sought to set aside the "order" entered by the

court on the date the parties agreed to the stipulation. The record, however, fails to disclose any final judgment or order filed on that date or any date prior to the Crosses' motion. The record contains only a clerk's minute entry dated February 4, 1987, capsulizing the stipulation and reciting that the Crosses' attorney would prepare a proposed judgment. A final judgment was not entered until the court issued its memorandum decision after the hearing on the Crosses' motion for relief.

It is also apparent, however, that the district court chose not to deny the Crosses' motion based upon the lack of a final judgment but instead treated the motion as one to set aside the stipulation. This exercise of the court's discretion, enabling it to consider the actual thrust of the Crosses' motion, has not been questioned in this appeal by the Moultons.

■ Accordingly, we turn to the district court's decision to deny the Crosses' motion. It is within the court's discretion, for good cause and to prevent injustice, to relieve the parties from a stipulation which has been entered into through a mistake or misunderstanding of fact. *Singleton v. Pichon*, 102 Idaho 588, 635 P.2d 254 (1981); *Call v. Marler*, 89 Idaho 120, 403 P.2d 588 (1965). The district court's decision to deny relief will not be overturned absent an abuse of that discretion.

The district court's decision focused on the stipulation as it was presented in court after the parties' negotiations. The court addressed the Crosses' arguments with awareness of its discretionary ability to set aside a stipulation entered into as a result of inadvertence, improvidence or excusable neglect. The court noted that the stipulation was presented in open court by the Crosses' counsel in the presence of Lila. The terms of the agreement were clearly stated. The court emphasized that the term "acreage" was never used by the parties at the proceeding nor had they discussed the acreage involved in the dispute. The court found no plausible explanation for the Crosses' contention that they believed the stipulation was $2,000 for each acre of land and concluded that the Crosses had failed to establish an excusable mistake or inadvertence warranting relief.

The Crosses' motion raised the sole issue of whether an excusable mistake or misunderstanding of fact existed as to the stipulated amount the Crosses were to receive in the settlement. On appeal, we have the same record that was before the district judge when he decided the motion. The facts and allegations presented to the district judge are disclosed by the motion, the transcript of the proceedings when the stipulation was stated in open court, Vaughn's affidavit, and the affidavits of the attorneys on both sides. From this record, we conclude that the court did not abuse its discretion in the denial of the motion.

■ The motion and affidavits did not contain an adequate explanation of how the Crosses misunderstood the terms of the proposed settlement. In order to show that a mistake is excusable the parties must establish how the mistake occurred and who made the mistake. Here, the attorney who represented the Crosses at trial did not contend that he ever misunderstood what the offer of settlement was. He clearly stated the terms of the stipulation in open court with Lila present. We find nothing here indicating any basis for misunderstanding.[1]

---

1. [PLAINTIFF'S COUNSEL]: Your Honor, if it please the court, plaintiff will state that settlement. The parties have agreed to stipulate to a judgment for plaintiff against defendant, the terms of which are that the property line which is the crux of this dispute shall remain as surveyed as defendant has alleged it has been with the fence as it now exists being on the survey line and becoming the property line between plaintiff and defendant's property.

THE COURT: So a declaratory judgment will be entered confirming the base line as surveyed?

[PLAINTIFF'S COUNSEL]: As surveyed, yes, and in addition plaintiff shall have judgment against the defendant in the amount of $2,000.00.

THE COURT: Each party to pay their own attorneys fees and costs?

[PLAINTIFF'S COUNSEL]: Yes.

THE COURT: Who is to prepare the judgment?

[PLAINTIFF'S COUNSEL]: I can prepare that, Your Honor.

Lila gave no affidavit. Accordingly, we have no explanation as to how she came to misunderstand the terms of the settlement. Vaughn's affidavit stated that he also suffered from the mistaken belief that the Moultons' $2,000 offer was for each acre involved in the dispute. He does not explain the basis for this misunderstanding. Perhaps it can be inferred that he gained this understanding from the telephone conversation with his wife on the morning of the trial. Nevertheless, there is no explanation in the record, nor can any explanation be inferred, why Lila could reasonably believe that the cash payment would be for each acre of disputed ground. Thus, the record does not reveal how the mistake was caused or even who made the mistake initially. The Crosses have failed to meet their burden of showing the existence of an excusable mistake.

Accordingly, we hold that the district judge's decision to deny relief from the stipulation was not an abuse of discretion. We affirm the judgment. Costs to respondents. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.