809 P.2d 1188

Brett Randall THOMAS,
Plaintiff–Respondent–Respondent
on Appeal,

v.

Margo Denise THOMAS,
Defendant–Appellant–Appellant
on Appeal.

No. 18538.

Court of Appeals of Idaho.

April 30, 1991.

Anderson, Pike & Bush, Idaho Falls, for defendant-appellant-appellant on appeal. Edward W. Pike argued.

Blaser & Sorensen, Blackfoot, for plaintiff-respondent-respondent on appeal. Murray J. Sorensen argued.

SILAK, Judge.

Margo Thomas appeals from an order of the district court affirming an order of the magistrate denying her I.R.C.P. 60(b) motion for relief from a divorce decree. The motion for relief asserted that division of the parties' property needed to be modified because of an incorrect estimate of their income tax liability during the year preceding the decree of divorce. Margo argues that the magistrate's conclusion that there was no mistake of fact as to the tax liability was not supported by the evidence and that the magistrate erred in denying her motion on that basis. For the reasons stated below, we reverse the magistrate's order denying the motion for relief from judgment.

■ The facts which pertain to this appeal are as follows. Randy and Margo Thomas divorced in January of 1988. They negotiated and executed a parenting and property settlement agreement (Agreement) which was merged into the divorce decree. The Agreement provided, among other things, that Randy would pay the couple's 1987 taxes—estimated by Randy to be $30,000. In May of 1988, after the couple's 1987 tax liability was determined to be approximately $11,000, Margo filed a timely motion for relief from the judgment pursuant to I.R.C.P. 60(b).[1] The magistrate heard three days of testimony in August and October, 1988, and subsequently issued an order denying Margo's motion, concluding there had been no mistake, fraud, misrepresentation, or overreaching in negotiating the Agreement. The district court affirmed the order of the magistrate. Where, as here, the issues before this Court are the same as those considered by the district court sitting in an appellate capacity, we will review the trial court record with due regard for, but independently from, the district court's decision. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 490, 670 P.2d 894, 897 (1983); *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

Margo argues that the magistrate's conclusion that there was no mistake of fact as to the amount of the 1987 tax liability was not supported by the evidence. Therefore, she asserts that the magistrate erred in denying her motion. Alternatively, Margo argues that even if there was no mistake, the magistrate should have awarded her one-half of the difference between the estimated tax liability and the actual tax liability pursuant to Paragraph 14 of the Agreement requiring an equal division of any later-discovered property. Because this motion for relief from judgment required consideration of terms of the Agreement, we consider these interrelated issues together. *See Lamb v. Arizona Country*

---

1. In pertinent part, I.R.C.P. 60(b) provides that, On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud.... The motion shall be made within a reasonable time, and for reasons (1) ... [and] (3) ... not more than six (6) months after the judgment, order, or proceeding was entered or taken.

*Club,* 124 Ariz. 239, 603 P.2d 510 (App. 1979).

■ In the decree of divorce, the magistrate "adopted" the Thomases' Agreement and made it an "Order and Judgment of this Court"; Paragraph 12 of the Agreement provides that the "parties mutually request the Court to approve, ratify, and merge this Agreement into the Court's own Order or Decree." Where, as in this case, there are cross-references between the property settlement agreement and the divorce decree, the presumption is that the agreement is merged into the decree unless the parties make it clear that their intent is otherwise. *Compton v. Compton,* 101 Idaho 328, 333, 612 P.2d 1175, 1180 (1980).

■ Upon a showing of good cause, I.R. C.P. 60(b)(1) provides for relief from a judgment on the basis of mistake. *See Lowe v. Lym,* 103 Idaho 259, 263, 646 P.2d 1030, 1034 (Ct.App.1982). For the mistake to be excusable, the parties must establish how the mistake occurred and who made the mistake. *Cross v. Moulton,* 114 Idaho 884, 886, 761 P.2d 1236, 1238 (Ct.App.1988). The mistake must be one of fact and not of law, *Hearst Corp. v. Keller,* 100 Idaho 10, 11, 592 P.2d 66, 67 (1979), *disapproved on other grounds, Shelton v. Diamond International Corp.,* 108 Idaho 935, 938, 703 P.2d 699, 702 (1985), and is determined by examining what a reasonably prudent person would do under similar circumstances. *Bull v. Leake,* 109 Idaho 1044, 1047, 712 P.2d 745, 748 (Ct.App.1986); *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 326, 658 P.2d 992, 997 (Ct.App.1983), *cited with approval in Shelton v. Diamond International Corp.,* 108 Idaho 935, 938, 703 P.2d 699, 702 (1985).

■ The decision to grant or deny relief pursuant to a Rule 60(b) motion is within the sound discretion of the trial court, and, absent a manifest abuse of that discretion, such decision ordinarily will not be disturbed on appeal. *Johnston v. Pascoe,* 100 Idaho 414, 420, 599 P.2d 985, 991 (1979); *Pullin v. City of Kimberly,* 100 Idaho 34,

36, 592 P.2d 849, 851 (1979); *Bull v. Leake,* 109 Idaho at 1047, 712 P.2d at 748. As our Supreme Court has stated:

When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. [Citation omitted.]

*O'Dell v. Basabe,* 119 Idaho 796, 810 P.2d 1082 (1991); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ Although the magistrate court properly perceived that it had discretion to grant or deny the Rule 60(b) motion, it failed to act consistently with the legal standards applicable to the exercise of that discretion. The Rule 60(b) motion was made after a final decree of divorce was entered on January 29, 1988. Thus, to guide his discretion the magistrate should have acted consistently with Idaho statutes governing divorce actions. I.C. § 32–712(1)(a) provides that unless there are compelling reasons otherwise, there shall be a substantially equal division in value, considering debts, between the spouses.

The proper sequence of analysis which should have been employed was, first, to determine whether the provision of the decree which assigned a $30,000 tax debt to the husband was based upon a mistaken estimate. It is clear that the estimate was mistaken since the actual tax liability, according to the tax return filed in April, 1988, was approximately $11,000. Although not necessary to the proper analysis of this case, the estimate was a mutual mistake, since both Margo and Randy allowed this mistake to be incorporated into the Agreement which was later merged into the decree.

Next, it is necessary to ask whether this mistake was the type of mistake for which relief may be granted under Rule 60(b). Here, the magistrate applied an erroneous legal standard by focusing on whether Margo had relied on the estimate. He concluded that she did not and therefore refused to grant relief.

Although the three days of testimony on Margo's motion primarily went to the issues of fraud, misrepresentation, and over-reaching, the magistrate did make findings of fact which are relevant to the mistake issue. The magistrate found that there was a reasonable basis for Randy's estimate of their 1987 tax liability. As to that estimate, the magistrate said:

> Frankly, I was totally amazed that you could possibly think, based upon previous years, that there would be a $30,000.00 tax liability. The only explaination [sic], reasonable explaination [sic] that I've heard why that figure was used was that Mr. Thomas testified that they sold the house and had a balloon payment coming in of $14,000.00 and he assumed that it was going to be treated, as I understand his testimony, as ordinary income. He put that together with the fact that he had been paid more in 1987 because of accounts receivable that were due in '86 but were not paid until '87; he became fearful of an amount.

■ A review of the record reveals that these findings are supported by substantial, although conflicting, evidence. Therefore, these findings are not clearly erroneous and will not be disturbed on appeal. *Ortiz v. State Department of Health & Welfare*, 113 Idaho 682, 683–684, 747 P.2d 91, 92–93 (Ct.App.1987). The magistrate then concluded that there was no mutual mistake of fact because Margo, knowing the $30,000 tax estimate was too high, had not relied upon it. As noted above, the proper standard is whether Margo acted as a reasonably prudent person would have done under similar circumstances.[2] *Bull v.*

*Leake*, 109 Idaho at 1047, 712 P.2d at 748; *Avondale on Hayden, Inc. v. Hall*, 104 Idaho at 326, 658 P.2d at 997.

■ Applying the proper standard to the findings, the logical legal conclusions are that there was an excusable mistake of fact regarding the tax estimate and that Margo did act as a reasonably prudent person would have done in similar circumstances. The magistrate found that Randy had given a reasonable estimate of the parties' 1987 tax liability. The estimate, even though mistaken, does meet the requirements of a spouse's fiduciary duty:

> This fiduciary duty extends to the parties' negotiations leading to the formation of the property settlement agreement during marriage, and requires, at least, a disclosure by both parties of all information within their knowledge regarding the existence of community property and of pertinent facts necessary to arrive at a reasonable valuation of the property. Like a business partner, each spouse is free to adopt a position favorable to himself or herself regarding the property's valuation, its inclusion in the community, or other such issues. They are not free, however, to resolve such issues unilaterally by concealing the very existence of particular items or amounts of property.

*Compton*, 101 Idaho at 336, 612 P.2d at 1183; *McDonald v. Barlow*, 109 Idaho 101, 105, 705 P.2d 1056, 1060 (Ct.App.1985).

Our Supreme Court has said that relief from a final judgment pursuant to I.R.C.P. 60(b)(1) is available where the record shows: that the mistake or inadvertence of counsel was not a result of carelessness; or that the allegedly mistaken fact was not previously available; or that its absence could not have been discovered by the exercise of due diligence; or that there were exceptional circumstances which precluded the appellant from discovering its absence prior to the original hearing. *See Pullin v. City of Kimberly*, 100 Idaho 34, 36–37, 592

---

**2.** Accordingly, we also need not address the parties' arguments on the issue of reliance.

P.2d 849, 851–852 (1979) (affirming the denial of a motion for relief from a summary judgment). The *Pullin* analysis does not preclude relief here. Although both parties were represented by counsel during settlement negotiations, the precise amount of the Thomases' 1987 tax liability had not been computed at the time they entered into this Agreement. Neither the parties nor their counsel could have known that Randy's estimate would be so vastly different from the actual tax liability. Margo acted with due diligence in filing her Rule 60(b) motion on May 16, 1988; she learned the actual amount of the 1987 tax liability when the tax return was filed in April, 1988.

As a matter of law, the magistrate should have concluded that Margo acted as a reasonably prudent person. The estimate of $30,000 in tax liability was found to be a reasonable estimate. To say that Margo acted imprudently by accepting the inclusion of a reasonable estimate in the Agreement would be an abuse of discretion because it would not logically apply the legal standard of the reasonably prudent person to the facts as found.

■ The magistrate should have found that there was an excusable mistake of fact which could support the grant of relief under Rule 60(b). The next step in the exercise of the magistrate's discretion should have been to determine whether to grant the motion, since Rule 60(b) does not require, but rather allows, relief in the mistake situation. Here the court must be governed in the exercise of its discretion by the statutes which regulate Idaho divorce actions, and specifically I.C. § 32–712(1)(a), which mandates a substantially equal division in value, considering debts, between the spouses, unless there are compelling reasons otherwise.

In this case, the magistrate was asked by Margo's counsel to make a finding of an equal division of property, and he responded that he made no such finding, at the time of the Rule 60(b) motion. However,

consistent with I.C. § 32–712(1)(a), we may assume that the decree which merged the settlement agreement into it provided for a substantially equal division of property, since there was no finding by the magistrate that there existed compelling reasons to support a deviation from the principle of substantially equal division. Since the $30,000 debt of the husband for tax liability became a much smaller debt, only $11,000, it is apparent that the division of property became substantially unequal: the husband retained $19,000 in value. That amount should have been divided in a substantially equal fashion so that the decree of divorce would have retained its character of substantially equal division, in accordance with I.C. § 32–712(1)(a). In keeping with the statutory requirement which governed the magistrate's exercise of discretion, the magistrate should have divided the $19,000 in a substantially equal manner between Margo and Randy.

In determining whether to grant or deny the motion, the magistrate properly looked at Paragraph 14 of the Agreement dealing with later-discovered property, *see Lamb v. Arizona Country Club*, 124 Ariz. 239, 603 P.2d 510 (App.1979):

14. PROPERTY DISCLOSURE:

Each party acknowledges and represents that they have fully represented one to the other the assets and values of the parties' community and separate property as stated herein. Nevertheless, in the event that either party discovers property that was not included in this Parenting and Property Settlement Agreement, it is agreed that *each party will be entitled only to a one-half value of the property so discovered and shall not be allowed to challenge the division of property set forth in this Parenting and Property Settlement Agreement on the grounds of fraud or otherwise.* [Emphasis added.]

The magistrate concluded that other items not at issue here did constitute later-discovered property, but concluded that the difference between the estimated 1987 tax

liability and the actual 1987 tax liability did not fall into that category.

We hold as a matter of law that the parties made an excusable mistake of fact regarding the estimated amount of 1987 tax liability. The approximately $19,000 must be considered later-discovered property and divided in accordance with Paragraph 14 of the Agreement.[3] Therefore, we remand this case to the magistrate division with instructions to make a substantially equal division of the approximately $19,000 difference between the actual and estimated 1987 tax liability.

 Both parties request attorney fees on appeal pursuant to I.C. § 12–121, and Margo also argues that she is entitled to attorney fees below. We conclude, as did the district court, that the attorney fee question is resolved by the Thomases' Agreement. The Agreement provides that, absent a breach of the Agreement, "each party shall assume and pay their own costs, expenses, and attorney's fees in con-nection with this action." Neither party alleges that the Agreement was breached; the nature of this case is to enforce or modify the Agreement.

We reverse the magistrate's order denying Margo's motion for relief from the judgment and remand this case to the magistrate division for entry of an order consistent with this opinion. No costs or attorney fees awarded.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**3.** This conclusion is further supported by paragraph 6B of the Agreement dealing with tax returns:

   6. TAXES:
     B. Tax Returns: The parties will file an income tax return for the year of 1987 which may minimize their tax liability and shall equally share all refunds or pay all taxes due. . . .