NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DANIEL M. LOZANO, as Trustee of THE DANIEL M. LOZANO LIVING
TRUST, DATED FEBRUARY 12, 2002, *Plaintiff/Appellee*,

*v.*

PACCO PROPERTIES, LP, et al., *Defendants/Appellants*.

No. 1 CA-CV 19-0560
FILED 10-15-2020

Appeal from the Superior Court in Maricopa County
No.  CV2016-016509
The Honorable Joseph C. Welty, Judge
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Fennemore Craig, P.C., Phoenix
By Joseph A. Schenk and Heather A. Macre
*Counsel for Plaintiff/Appellee*

Snell & Wilmer L.L.P., Phoenix
By Kevin J. Parker and Benjamin W. Reeves
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1          Pacco Properties, LP and Daniel Matthew Horwits and Jacqueline Robin Horwits, as Trustees of The 2002 Horwits Family Trust Dated October 7, 2002, (collectively, "Appellants") appeal the superior court's order denying their combined motion to clarify or set aside a judgment entered according to an offer of judgment accepted by Daniel M. Lozano, as Trustee of The Daniel M. Lozano Living Trust dated February 12, 2002 (collectively, "Lozano"). For the following reasons, we conclude we lack jurisdiction to address the issues raised by Appellants concerning the motion to clarify the judgment and affirm the court's order denying Appellants' motion to set aside.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Before the events underlying this case, Richard Thurman, the general partner of Pacco Properties, LP, Daniel Horwits, Lozano, and non-party Jeffrey Borris were equal shareholders in Beverly Hills Sports Council, Inc. ("Beverly Hills"). They worked together as sports agents representing professional baseball players. In 2002, the parties and Borris as Trustee of the Borris Family Trust, dated June 2, 1999 (collectively, "Borris") formed RJ&2D LLC (the "Company"), a member-managed Arizona limited liability company with its principal place of business in Maricopa County. Each member owned a 25% membership interest in the Company. Through the Company, the parties and Borris purchased properties in Arizona and Florida.

¶3          In February 2016, Borris sent an email to the other members of the Company requesting to dissolve it. In the email, Borris asserted that it would be "impracticable for the 4 members to co-exist" because he now worked for a competing sports agency and Lozano had left Beverly Hills to form a competing agency in 2010. After several meetings, the members of the Company were unable to reach an agreement concerning its dissolution. Borris and Lozano agreed that the Company should be dissolved, while

2

Thurman and Horwits contended there was no basis for dissolving the Company.

¶4 As attempts to negotiate the Company's dissolution broke down, Lozano filed this action in the superior court. In his complaint, Lozano alleged that the Company's other members denied him access to the Arizona and Florida properties and other personal property owned by the Company since his departure in 2010. He further alleged that the members were deadlocked concerning the Company's management. Lozano asserted five causes of action: (1) judicial dissolution of the Company; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) unjust enrichment; and (5) accounting and constructive trust. While this action was pending, Borris sold his interest in the Company to Appellants, and Lozano amended his complaint to remove Borris as a named party.

¶5 In January 2019, Appellants sent Lozano an offer of judgment according to Arizona Rule of Civil Procedure ("Rule") 68. Appellants proposed that judgment be entered in favor of Lozano and against them for the total amount of $320,000, "inclusive of all damages, taxable court costs, interest, and attorneys' fees." Approximately two weeks later, Lozano accepted the offer of judgment and submitted a proposed form of judgment to the superior court. The proposed judgment contained the following language:

> IT IS HEREBY ORDERED, ADJUDGED, and DECREED awarding Plaintiff Lozano Judgment against Defendants RJ & 2D, L.L.C., Pacco Properties, LP, and Daniel Matthew Horwits and Jacqueline Robin Horwits, as Trustees of the 2002 Horwits Family Trust, dated October 7, 2002, jointly and severally, in the amount of Three Hundred Twenty Thousand Dollars ($320,000).
>
> *        *        *
>
> IT IS FURTHER ORDERED that no further matters remain pending before this court and that this Judgment is entered pursuant to Rule 54(c), *Arizona Rules of Civil Procedure*.

On March 19, 2019, without objection from Appellants, the court approved, signed, and entered the proposed form of judgment verbatim.

¶6 On May 24, 2019, 66 days after the court issued the judgment, Appellants moved to clarify the March 2019 judgment, stay its enforcement

3

under Rule 62, and, in the alternative, set it aside under Rule 60. Appellants alleged that when they attempted to tender a check for the full value of the judgment, a dispute arose over whether the judgment extinguished Lozano's 25% membership interest in the Company. Appellants requested the court stay the judgment's enforcement until the dispute was resolved. Appellants asked the court to confirm that by resolving all claims made in the action—including Lozano's claim for dissolution of the Company—the judgment had extinguished Lozano's membership interest.

¶7            Assuming their interpretation concerning the scope of the offer of judgment was incorrect, Appellants argued in the alternative that they were entitled to relief from the judgment under Rule 60(b)(1) or (b)(6) based upon the "lack of a meeting of the minds and/or mutual mistake." Appellants also requested a hearing on the motion. In response, Lozano argued the judgment did not cover his membership interest in the Company, and that Appellants' alleged mistake in misunderstanding the scope of the offer of judgment was, at best, a unilateral mistake which did not justify setting the judgment aside.

¶8            On June 19, 2019, the superior court issued an order denying Appellants' combined motion. The court explained:

> The Judgment rendered in this matter was the result of an accepted offer of judgment from [Appellants]. A proposed form of Judgment was submitted to the Court by [Lozano]. There was no objection filed to the submitted form of Judgment. The Judgment was signed by the Court.
>
> The executed Judgment speaks for itself.

Appellants filed a notice of appeal 28 days later. In the notice, Appellants specified that they intended to appeal the court's June 2019 order denying the combined motion and "all orders and rulings of the Court necessary to or supportive of the [order]."

¶9            Meanwhile, Lozano filed a new action against Appellants in the superior court alleging the Company had sold the Arizona and Florida properties, and that he was entitled to 25% of the proceeds of the sales per

his membership interest and the Company's operating agreement.[1] Appellants moved to dismiss the action, arguing the doctrine of claim preclusion barred Lozano's new action due to the March 2019 judgment. After a hearing, the court denied Appellants' motion to dismiss. Appellants filed a petition for special action in this court, arguing the superior court erred by failing to apply claim preclusion and dismiss Lozano's new action. This court declined to accept jurisdiction over the special action and dismissed the petition in a summary order.

¶10        The parties then filed cross-motions for summary judgment. Within both their motion for summary judgment and response, Appellants again argued that the March 2019 judgment barred Lozano's action under the claim-preclusion doctrine. On July 23, 2020, the superior court held a hearing on the respective motions and took the matter under advisement. In an order filed on September 23, 2020, the court granted Appellants' summary judgment motion, ruling that (1) the offer of judgment dissolved Lozano's 25% membership interest in the Company and (2) the doctrine of claim preclusion barred Lozano's action. A final judgment based upon that ruling remains pending.[2]

## DISCUSSION

¶11        On appeal, Appellants argue the superior court erred by failing to confirm that the March 2019 judgment extinguished Lozano's 25% membership interest in the Company. Appellants contend the accepted Rule 68 offer of judgment constitutes a judgment for all claims raised in Lozano's lawsuit, including those claims predicated on his membership interest, and the doctrine of claim preclusion now bars any claim that has arisen or could arise from that interest. Appellants urge this court to endorse this position and, by doing so, to declare that "Lozano can make

---

[1]        We have taken judicial notice of the related case located in the records of the superior court. *See Vera v. Rogers*, 246 Ariz. 30, 32, ¶ 6, n.1 (App. 2018) (court may take judicial notice of related superior court records); *State v. Valenzuela*, 109 Ariz. 109, 110 (1973).

[2]        Shortly after the superior court issued its ruling in the second action, Appellants filed a motion requesting that this court stay any further consideration of this appeal pending entry of a final judgment in the second action. Appellants indicated they would seek dismissal of this appeal "[i]f and when judgment is entered in the [s]econd [l]awsuit and not appealed." After consideration, we deny Appellants' motion for a stay of this appeal.

no further claim for any additional funds due and owing to him under the [Company's] operating agreement." Should we conclude otherwise, Appellants argue in the alternative that the superior court abused its discretion by not finding that contract-avoidance principles justified setting aside the March 2019 judgment under Rule 60(b)(1). We address each argument in turn.

**A.     This Court Lacks Jurisdiction to Address the Superior Court's Order Denying Appellants' Motion to Clarify the March 2019 Judgment.**

      **1.  The Order Denying Appellant's Motion to Clarify the March 2019 Judgment Is Not Appealable.**

**¶12**     At the outset, Appellants do not dispute that their notice of appeal was untimely regarding the March 2019 judgment but assert their arguments concerning the scope and effect of that judgment stem instead from the court's June 2019 order denying their motion to clarify. Appellants cite to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2), which permits an appeal "[f]rom any special order made after final judgment," and A.R.S. § 12-2101(A)(4), which allows an appeal "[f]rom a final order affecting a substantial right made in a special proceeding or on a summary application in an action after judgment," as grounds for our jurisdiction. We disagree.

**¶13**     "The court of appeals, as a court of limited jurisdiction, has only the jurisdiction conferred on it by statute." *McDougall v. Superior Court*, 170 Ariz. 474, 475 (App. 1991). Absent statutory authority, we "do not have jurisdiction to consider the merits of the question raised on appeal." *Musa v. Adrian*, 130 Ariz. 311, 312 (1981). To determine if an order is appealable under A.R.S. § 12-2101(A)(2), we must consider whether: (1) "the issues raised by the appeal from the order are different from those that would arise from an appeal" of the underlying judgment; and (2) "the order affects the judgment or relates to its execution." *Sotomayor v. Sotomayor-Munoz*, 239 Ariz. 288, 291, ¶ 11 (App. 2016). Regarding A.R.S. § 12-2101(A)(4), we must determine whether the order is "a final order affecting a substantial right made" either: (1) in "a special proceeding"; or (2) "on a summary

application in an action after judgment." *See MCA Fin. Gr., Ltd. v. Enter. Bank & Trust*, 236 Ariz. 490, 495, ¶ 11 (App. 2014).[3]

**¶14** Applying these considerations here, we are unconvinced that the order denying the motion to clarify the March 2019 judgment falls within either A.R.S. § 12-2101(A)(2) or (A)(4). Nor have we identified any other relevant provision from which we might acquire jurisdiction. Because the court denied the motion and, therefore, left the March 2019 judgment precisely as entered, the order neither raised questions different from those that would have arisen from an appeal from the judgment itself nor affected a substantial right of the Appellants. The ruling maintained the *status quo* established by the March 2019 judgment. Thus, we lack appellate jurisdiction to review and address the merits of the questions raised by Appellants' putative appeal of the order denying the motion to clarify — namely, any arguments concerning the nature and scope of the judgment outside the confines of Appellants' request for Rule 60 relief. *Musa*, 130 Ariz. at 312; *see also Hirsch v. Nat. Van Lines, Inc.*, 136 Ariz. 304, 311 (1983) ("The scope of an appeal from a denial of a Rule 60 motion is restricted to the questions raised by the motion to set aside and does not extend to review of whether the trial court was substantively correct in entering the judgment from which relief was sought.").

## 2. We Decline to Exercise Special-Action Jurisdiction to Review the Order.

**¶15** Appellants nevertheless urge us to exercise special-action jurisdiction to review their arguments concerning the March 2019 judgment. "When we lack appellate jurisdiction, 'it is within our discretion to consider the matter as a special action.'" *AEA Fed. Credit Union v. Yuma Funding, Inc.*, 237 Ariz. 105, 111, ¶ 21 (App. 2015) (quoting *State v. Perez*, 172 Ariz. 290, 292 (App. 1992)). Generally, this court accepts special-action

---

[3] Appellants cite *MCA Financial Group* for the proposition that the "substantial right" portion of A.R.S. § 12-2101(A)(4) only applies to the first proceeding described in the subsection, and not the second. While we agree the court's description of A.R.S. § 12-2101(A)(4) in *MCA Financial Group could* be read that way, we do not believe that is what the court intended in that case. *See MCA Fin. Grp., Ltd.*, 236 Ariz. at 495, ¶ 11. Indeed, the court cited with approval two out-of-state opinions whose interpretations of nearly identical provisions in their respective codes mirror our conclusion. *Id.* (citing *State v. Jacques*, 570 N.W.2d 331, 335 (Neb. 1997), and *Ross v. Ross*, 640 N.E.2d 265, 268 (Ohio App. 1994)).

jurisdiction "in cases that raise issues of statewide importance, issues of first impression, pure legal questions, or issues that are likely to arise again," *Frimmel v. Sanders*, 236 Ariz. 232, 238, ¶ 22 (App. 2014), or "when the party has no plain, adequate or speedy remedy by appeal, and justice cannot be obtained by other means," *Luis A. v. Bayham-Lesselyong ex rel. County of Maricopa*, 197 Ariz. 451, 453, ¶ 2 (App. 2000). *See also* Ariz. R. P. Spec. Act. 1(a). ("[T]he special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal . . . .").

¶16    However, we decline to treat Appellants' arguments concerning the judgment and order as a special action for two reasons. First, special-action review of the issues raised by the Appellants' motion to clarify would not be appropriate because the issues were not ripe for adjudication when presented to the superior court. In Arizona, prudential doctrines such as ripeness exist, not by constitutional mandate, but "as a matter of sound judicial policy." *Brush & Nib Studio, LC v. City of Phoenix*, 247 Ariz. 269, 279, ¶ 35 (2019) (quotation omitted). This judicial restraint is imposed "to insure . . . courts do not issue mere advisory opinions, that the case is not moot and that the issues will be fully developed by true adversaries." *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 6 (1985).

¶17    Here, by requesting the court to opine on the nature and scope of the claims resolved in the March 2019 judgment, Appellants essentially desired a prospective ruling that any claim Lozano had or could assert concerning his 25% membership interest in the Company was now barred by claim preclusion, formerly known as *res judicata. In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 14 (2006). Appellants sought the court's endorsement of their understanding of the March 2019 judgment to prevent Lozano from raising a claim in future litigation.

¶18    But claim preclusion cannot be addressed by a court prospectively. Claim preclusion is a defense to an action that requires a court to determine, among other things, whether the party asserting it can establish "an identity of claims in the suit in which a judgment was entered and *the current litigation." In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. at 69–70, ¶ 14 (emphasis added); *see also* Ariz. R. Civ. P. 8(d)(1) (listing "res judicata" as an affirmative defense that must be asserted in a responsive pleading). In other words, the preclusive effect of a judgment cannot be put into operation without comparing it to a new claim. Thus, confirming a party's interpretation of the claims resolved in a judgment before a new action is filed would amount to an advisory

opinion, or an "opinion[] anticipative of troubles which do not exist; may never exist and the precise form of which, should they ever arise, [the court] cannot predict." *Young v. Rose*, 230 Ariz. 433, 439, ¶ 32 (App. 2012) (quoting *Citibank v. Miller & Schroeder Fin., Inc.*, 168 Ariz. 178, 182 (App. 1990)). Accordingly, we decline to exercise special-action jurisdiction to review an issue the superior court was judicially restrained from addressing.

**¶19** Second, declining to exercise special-action jurisdiction to address the March 2019 judgment's scope will not deprive Appellants of an adequate or speedy remedy by appeal. Appellants have received a favorable ruling in Lozano's new action and will have an adequate opportunity to defend that decision should Lozano appeal.

**B.** **The Superior Court Did Not Abuse Its Discretion by Denying Appellants' Rule 60(b) Motion.**

**¶20** We do have jurisdiction to review the aspect of the court's order denying Appellant's motion to set aside under Rule 60(b)(1). *See M&M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) (grant or denial of a motion to set aside judgment appealable as a special order made after final judgment, A.R.S. § 12-2101(A)(2)). Appellants argue that the superior court abused its discretion by failing to find that a lack of mutual assent or the doctrine of mutual mistake justified setting aside the judgment under Rule 60(b)(1).

**¶21** "A trial court enjoys broad discretion in deciding whether to set aside judgments under Rule 60([b])." *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶ 24 (App. 2015). "Absent a clear showing of abuse of the court's discretion[,] . . . or arbitrariness or unreasonableness, the decision of the trial court must stand." *Indus. Park Corp. v. U.S.I.F. Palo Verde Corp.*, 19 Ariz. App. 342, 346 (1973). To determine whether the superior court abused its discretion by denying Appellants' motion to set aside the judgment, we must first address a procedural question raised by the substance of Appellants' Rule 60 arguments.

**¶22** Although couched as a claim for relief under Rule 60(b)(1), Appellants' arguments are focused on avoiding the contract formed by Lozano's acceptance of the offer of judgment—namely, lack of mutual assent and mutual mistake. *See Hill-Shafer P'Ship v. Chilson Fam. Tr.*, 165 Ariz. 469, 473 (1990) (describing mutual mistake and lack of mutual assent). In *Lamb v. Arizona Country Club*, 124 Ariz. 239, 240, n.2 (App. 1978), this court addressed the complexities and potential pitfalls surrounding a substantive challenge to the enforceability of a settlement agreement raised

within a Rule 60(b) motion. In that case, the plaintiffs moved to set aside a stipulated judgment under Rule 60(b)(1) (then Rule 60(c)(1)), arguing they mistakenly did not receive the full benefit they thought they bargained for in the settlement agreement underlying the judgment. *Id.* at 239–40. In a detailed footnote, the court outlined the "procedural dilemma" created by the arguments raised in the motion: "Whether the settlement agreement is enforceable depends upon the application of contract principles. Yet before contract principles can be applied, the judgment must be vacated. Nevertheless, the judgment cannot be vacated unless the infirmity in the contract is shown." *Id.* at 240, n. 2.

**¶23**        The court then outlined two paths for resolving this dilemma. *Lamb*, 124 Ariz. at 240, n.2. First, the superior court could avoid the issue altogether by allowing or requiring the party raising the contract-avoidance argument to bring an independent action to invalidate the judgment. *Id.* The *Lamb* court acknowledged the potential inefficiency of litigating a separate action instead of resolving the matter on a motion but noted that:

> the difficulty with invalidating a settlement agreement on motion pursuant to Rule 60([b]) is that the procedural steps are short-circuited: there are no pleadings joining the issue and as a consequence there may be an incomplete exposition of the facts and a misguided application of the law and burden of proof.

*Id.*

**¶24**        Second, the superior court could use the memoranda and evidence submitted with the Rule 60(b) motion as a litmus test to determine whether the judgment should be re-opened "on condition that the issue relating to the avoidance of the settlement agreement be alleged by way of supplemental pleadings and adjudicated before it in the normal course of trial procedure." *Id.* Turning to the situation before it, the Lamb court found no error in the superior court's decision to address both the settlement and vacation-of-judgment while reviewing the Rule 60(b) motion because the court actions had accomplished the same result as the second path. *Id.* The court then examined the merits of the contract-law arguments raised by the plaintiffs. *Id.* at 241–42. Finding no reason to invalidate the settlement agreement, it upheld the superior court's decision to deny the Rule 60(b) motion. *Id.*

**¶25**        In the years following *Lamb*, this court has continued to address whether a ground for contract avoidance justifies the superior

court's decision to grant or deny relief from a judgment when the court itself engages—either explicitly or implicitly—in that analysis. *See, e.g.*, *Brietbart-Napp v. Napp*, 216 Ariz. 74, 81–83, ¶¶ 22–31 (App. 2007); *Emmons v. Superior Court*, 192 Ariz. 509, 511–14, ¶¶ 9–23 (App. 1998); *Republic Nat. Life Ins. v. Rudine*, 137 Ariz. 62, 64–67 (App. 1983). But assuming the same standards govern a challenge to the enforceability of an accepted offer of judgment within a Rule 60(b) motion, we are presented with a situation directly opposite to those faced by *Lamb* and its progeny. Here, the superior court chose to let the March 2019 judgment "speak[] for itself" and to summarily deny the Rule 60(b) motion without addressing the contract-avoidance issues raised by Appellants. We construe the court's action as choosing the first procedure contemplated by *Lamb*. As a result, the relevant question here is whether the superior court can, in the exercise of its discretion, decline to address an issue or argument raised in a Rule 60(b) motion when the issue is better suited for adjudication by other means, such as by an independent action.

**¶26** We conclude it can. Rule 60(d) provides explicitly that the rule "does not limit the court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ." In *Lamb*, this court held the superior court was within its discretion to entertain settlement and vacation-of-judgment issues within Rule 60 proceedings in the interests of judicial efficiency despite the potential for error. But a necessary corollary of this conclusion is that the superior court could also determine that the procedural and substantive difficulties presented by a party's attempt to invalidate a settlement agreement through Rule 60 proceedings outweigh those judicial-efficiency interests.

**¶27** This authority is also reflected in the Restatement (Second) of Judgments, which provides: "Relief from a judgment must be obtained by means of a motion for that purpose in the court that rendered the judgment unless relief may be obtained more fully, conveniently, or appropriately by some other procedure." Restatement (Second) of Judgments ("Restatement"), § 78 (Am. Law Inst. 1982). And the principles outlined in Rule 60(d), *Lamb*, and the Restatement together embody "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Powers Reinforcing Fabricators, LLC v. Superior Court*, 1 CA-SA 20-0083, 2020 WL 4979399, at *4, ¶ 17 (App. 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Accordingly, it is within the superior court's sound discretion to determine whether a Rule 60(b) proceeding or an independent action is an appropriate forum to address these procedural and substantive issues.

¶28        All that remains is determining whether the superior court abused that discretion here by declining to address the arguments raised in Appellants' Rule 60 motion. We conclude it did not. Critically, Appellants' request to set aside the March 2019 judgment was framed as an alternative remedy should the court conclude the judgment would not have the preclusive effect Appellants allegedly intended. Thus, Appellants placed the court in precisely the type of procedurally and substantively murky situation contemplated by *Lamb.* In one breath, Appellants argued the judgment formalizing the offer of judgment was valid and enforceable. Yet, in the next, asserted that the agreement underlying the judgment should be rescinded on contract-avoidance grounds. And the situation was complicated further because, as we stated above, discussion of the claims resolved in the March 2019 judgment would have been premature. Under these circumstances, we cannot say the court erred by allowing the judgment to speak for itself and declining to set it aside. By doing so, the court left the parties to resolve the claim-preclusion and contract-law issues surrounding the March 2019 judgment at a more appropriate time and setting, where they could be fully raised, argued, and adjudicated.

## ATTORNEY'S FEES AND COSTS

¶29        Appellants and Lozano both request an award of attorney's fees and costs under A.R.S. § 12-341.01. We decline to award either party attorney's fees. However, as the successful party on appeal, Lozano is entitled to recover his costs subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶30        We affirm the denial of the Rule 60(b) motion.

