878 P.2d 813

Gary W. ADE and Lucinda B. Ade, husband and wife, Andrew B. Broaddus and Stephanie J. Broaddus, husband and wife, Plaintiffs–Respondents,

v.

Raymond M. BATTEN, Jr., and his heirs, successors or assigns claiming any right, title, estate, lien or interest in or to the real property described as: A portion of Rutter's Tract "E" situated in the Southeast ¼ of the Northeast ¼ of Section 6, Township 48 North, Range 3 East, B.M., Shoshone County, State of Idaho, more particularly described as follows: Beginning at corner No. 1 of said Rutter's Tract "E"; thence South 52 Degrees 30.5' West, 107.49 feet to a point; thence North 57 degrees 28.5' West, 112.73 feet to a point, said point being the real point of beginning; thence North 57 degrees 28.5' West, 105 feet; thence North 44 degrees 47' East, 52.49 feet; thence South 57 degrees 24.5' East, 94 feet more or less to a point that bears North 32 degrees 31.5' East of the point of beginning; thence South 32 degrees 31.5' West, 51 feet more or less to the point of beginning, Defendant–Appellant.

and

Gordon C. Batelaan and Sue E. Batelaan, husband and wife, Carol P. Batten, husband and wife, Rose B. Rogers, a single woman, and their heirs, successors, or assigns, and any and all persons unknown claiming any right, title, estate, lien or interest in or to the real property described as: (See title above for description), Defendants.

No. 20609.

Court of Appeals of Idaho.

Aug. 8, 1994.

Raymond M. Batten, Jr., pro se appellant.

Witherspoon, Kelley, Davenport & Toole, P.S., Coeur d'Alene, for respondents. Edward J. Anson, argued.

PERRY, Judge.

This appeal is taken from the district court's denial of relief on two post-judgment motions filed by Raymond Batten, Jr. For the reasons explained below, we affirm.

## FACTS AND PROCEDURE

On December 17, 1992, the district court heard a motion for summary judgment filed by Gary and Lucinda Ade in their quiet title action against Batten. Although he had been notified of the hearing pursuant to his pro se appearance, Batten was not present. On January 26, 1993, the district court issued its

memorandum opinion granting summary judgment to the Ades and entered judgment, quieting title in them. The district court also awarded costs and fees to the Ades.

Batten filed a "motion for new trial" on February 12, 1993, requesting that the district court set aside the order granting summary judgment. Batten asserted in his accompanying affidavit that through mistake, he had appeared for the summary judgment hearing at the wrong courthouse in Coeur d'Alene. He advised that he had contacted the clerk's office by phone to advise the court that he would be late, but that the hearing had already taken place when he arrived. Reminding the district court that he was appearing pro se, Batten also claimed mistake in failing to timely serve his affidavits opposing summary judgment, which were filed with the district court on the date of the hearing. Following the district court's order and supplemental judgment dated February 22, 1993, Batten also filed a motion to disallow costs awarded to the Ades. The district court then conducted a hearing on Batten's "motion for new trial" and the motion to disallow costs. The district court denied the post-judgment motions, and Batten appeals.

## SCOPE OF REVIEW

We initially note that Batten did not timely appeal from the judgment in favor of the Ades. Batten's "motion for new trial," which was inaccurately named because no trial had taken place, nevertheless sought to amend the judgment and alleged grounds similar to those spelled out in I.R.C.P. 59. However, a motion under Rule 59 is required to be served not later than fourteen days after the entry of the judgment. Batten's motion, which was filed seventeen days post-judgment, was not timely.

Although the motion could also be construed as a request for reconsideration, which is governed by I.R.C.P. 11(a)(2)(B), such a motion must likewise be made not later than fourteen days after the entry of the final judgment. Therefore, the motion was not timely filed as a motion for reconsideration.

A Rule 59 motion to amend the judgment or a Rule 11(a)(2)(B) motion for reconsideration, if timely made, would toll the time to file a notice of appeal. Under the circumstances, however, the filing of Batten's motion did not enlarge the period of time for the direct appeal from the order on summary judgment. I.A.R. 14(a).

The district court has considerable discretion whether to reconsider its order under the grounds specified in Rule 60(b). *Watson v. Navistar Int'l Transp. Corp.*, 121 Idaho 643, 650, 827 P.2d 656, 663 (1992), *citing Johnston v. Pascoe*, 100 Idaho 414, 599 P.2d 985 (1979). Accordingly, the district court held that Batten's motion was timely under I.R.C.P. 60(b) and treated the motion as one for relief from a final judgment or order.[1] It is the denial of this motion from which Batten appeals, although he asserts therein that the summary judgment was improperly decided because he was denied the opportunity to present argument or submit his opposing affidavits for consideration.

It has been held that a Rule 60(b) motion is not a substitute for a timely appeal. *Dustin v. Beckstrand*, 103 Idaho 780, 654 P.2d 368 (1982); *In re Estate of Bagley*, 117 Idaho 1091, 793 P.2d 1263 (Ct.App.1990). Addressing the scope of review on appeal from the denial of a motion filed pursuant to F.R.C.P. 60(b), the court in *Kagan v. Cater-*

1. No challenge has been made to district court's treatment of Batten's "motion for a new trial" as an I.R.C.P. 60(b) motion for relief from judgment. The grounds asserted by Batten, i.e., mistake, excusable neglect, and inadvertence, could be held to meet the requirements of either Rule 59 or Rule 60. *See First Bank & Trust of Idaho v. Parker Bros., Inc.*, 112 Idaho 30, 730 P.2d 950 (1986) (plaintiff's motion for reconsideration filed four and one-half months after entry of judgment held untimely as a Rule 59 motion, but considered as a Rule 60(b) motion). *See also Mt.*

*Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463, n. 35 (9th Cir.1992) (treating an untimely motion for reconsideration as a Rule 60(b) motion, but denying relief due to failure to allege grounds for relief under Rule 60(b)). "[S]ubstance controls in determining whether a post-judgment motion is a Rule 59(e) or a Rule 60 motion." *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 111, n. 3 (7th Cir.1985), *quoting Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1176 (7th Cir.1983).

*pillar Tractor Co.,* 795 F.2d 601 (7th Cir. 1986) stated:

As the court explained in *Pryor v. United States Postal Service,* 769 F.2d 281, 286 (5th Cir.1985):

The dismissal itself is not here appealed, however, as we have indicated. Rather, this appeal is taken from the district court's denial of relief under the 'motion to reinstate,' which we here treat as if it had been a Rule 60(b) motion for relief from the judgment of dismissal. 'However persuasive the plaintiffs' assertions of legal error might have been on a direct appeal, timely taken, our review of the plaintiffs' appeal in its present procedural posture is strictly limited to determining whether the district court's denial of the Rule 60(b) motion constituted an abuse of discretion.' *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 694 (5th Cir.1983) (citations omitted).

Similarly, this court has stated with respect to our review of a district court's ruling on a Rule 60(b) motion, "we can only consider whether the denial of the motion was an abuse of discretion; we cannot reach the merits of the underlying judgment." *Marane, Inc. v. McDonald's Corp.,* 755 F.2d 106, 112 (7th Cir.1985). Thus, "our review of denial of Rule 60(b) relief [is] meaningfully narrower than would [be] our review on direct appeal of the underlying order from which relief was sought by the Rule 60(b) motion." *Pryor,* 769 F.2d at 286.

*Kagan* at 607. *See also Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1960); *Del Carmen v. Emerson Electric Co.,* 908 F.2d 158 (7th Cir. 1990); *Tunca v. Lutheran General Hospital,* 844 F.2d 411 (7th Cir.1988); *Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir.1971), *cert. denied sub nom. Herriman v. Midwestern United Life Ins. Co.,* 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972). Because Idaho's Rule 60(b) is essentially the same as Federal Rule 60(b), we find it appropriate to apply the reasoning from the federal cases in this instance. Therefore, we conclude that any issues arising out of the district court's order granting summary judgment are beyond the scope of our review in this appeal.

## ANALYSIS

### 1. BATTEN'S RULE 60(b) MOTION WAS PROPERLY DENIED

A Rule 60(b) motion permits a district court to grant relief from a judgment based on mistake, newly discovered evidence, fraud, misrepresentation, misconduct, or void or satisfied judgments if filed within six months. *First Bank & Trust of Idaho v. Parker Bros., Inc.,* 112 Idaho 30, 32, 730 P.2d 950, 952 (1986). The decision to grant or deny relief pursuant to a Rule 60(b) motion is within the discretion of the trial court. *Pullin v. City of Kimberly,* 100 Idaho 34, 36, 592 P.2d 849, 851 (1979), *citing* 7 MOORE'S FEDERAL PRACTICE ¶ 60.19. *See also Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979) (motion to set aside default judgment governed by discretionary standard). An appellate court will not overturn a trial court's discretionary ruling absent an abuse of discretion. *Northwest Roofers & Employers Health & Sec. Trust Fund v. Bullis,* 114 Idaho 56, 753 P.2d 267 (Ct.App. 1988). If the trial court makes findings of fact that are not clearly erroneous, applies the proper criteria under Rule 60(b) to those facts, and reaches a decision that follows logically from application of such criteria to the facts found, then the trial court will be deemed to have acted within its sound discretion. *Schraufnagel v. Quinowski,* 113 Idaho 753, 754, 747 P.2d 775, 776 (Ct.App.1987), *citing Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983) (applying Rule 60(b) to default judgment case).

The party moving to set aside a default judgment must not only meet the requirements of Rule 60(b), but must also plead facts which, if established, would constitute a defense to the action. *Hearst Corp., supra; Olson v. Kirkham,* 111 Idaho 34, 38, 720 P.2d 217, 221 (Ct.App.1986). *See also Schraufnagel, supra,* (motion to set aside order on summary judgment required a sufficient showing of grounds under Rule 60(b) and a showing of a meritorious defense). Upon the failure in the first instance to satisfy Rule 60(b)(1), we do not reach the further question

**118**

of whether a defense was adequately pled. *See Avondale on Hayden, Inc., supra*, 104 Idaho at 325, n. 4, 658 P.2d at 996, n. 4.

### A. Untimely Service of Opposing Affidavits

Batten's motion was couched in the language of Rule 60(b)(1). His only showing with respect to mistake, inadvertence or excusable neglect to justify relief under the rule was an affidavit filed in conjunction with his motion for relief from the order on summary judgment. First, Batten attested to his lack of knowledge of the particular rules of procedure applicable to the time for service of affidavits in opposition to a summary judgment motion. He attributed his mistake to the fact that he was representing himself, and he attested that his non-compliance with the rules was not intentional or willful. Second, he stated that he had appeared for the summary judgment hearing, but through confusion as to the address of the courthouse, he was not present in the courtroom where the hearing was to be held.

A mistake sufficient to warrant setting aside a judgment must be of fact and not of law. *Hearst Corp., supra.* Whether a mistake is excusable is determined by examining what a reasonably prudent person would do under similar circumstances. *Schraufnagel, supra*, 113 Idaho at 754, 747 P.2d at 776; *Thomas v. Thomas*, 119 Idaho 709, 711, 809 P.2d 1188, 1190 (Ct.App.1991). Thus, the question to be answered is whether Batten's mistake was the type of mistake for which relief may be granted under Rule 60(b).

In ruling on the Rule 60(b) motion, the district court made only one finding— that the affidavits in opposition to the motion for summary judgment were not timely served. The district court indicated, however, that it had considered the opposing affidavits before deciding the summary judgment motion and that it had reviewed the affidavits again in deciding the Rule 60(b) motion, to determine whether they provided any basis to modify the order on summary judgment. The district court concluded that they did not and denied Batten the relief he sought from the judgment.

Our review of the record confirms that Batten's opposing affidavits were not filed in accordance with I.R.C.P. 56(c), which requires that the affidavits be served on the opposing party at least fourteen days prior to the date of the hearing on the summary judgment motion. The district court's finding, therefore, will not be disturbed on appeal.

By his motion for relief from judgment, Batten sought an exemption from the time constraints of Rule 56(c), based on his lack of knowledge of the procedural rules as a pro se litigant. We are mindful, however, that pro se litigants in Idaho are held to the same standards and rules as those represented by attorneys. *Golay v. Loomis*, 118 Idaho 387, 393, 797 P.2d 95, 101 (1990); *Golden Condor, Inc. v. Bell*, 112 Idaho 1086, 739 P.2d 385 (1987). The failure to abide by the rules may not "be excused simply because [appellant was] appearing pro se and may not have been aware of the rules (citation omitted)." *Schraufnagel, supra*, 113 Idaho at 755, 747 P.2d at 777. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Pryor, supra, citing* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858 at 170. Therefore, we conclude that Batten's mistake was a mistake of law and not excusable neglect which would entitle him to relief from the judgment.

The district court should have held that the logical legal conclusion to be drawn from the facts is that there was no excusable mistake of fact regarding the time for service of the opposing affidavits. Because we conclude that Batten failed to show sufficient grounds for Rule 60(b) relief regarding the untimely filed affidavits, we do not reach the question of whether Batten showed that he had a meritorious defense to the motion for summary judgment on this point. *See Olson, supra*, 111 Idaho at 39, 720 P.2d at 222.

### B. Failure to Attend Hearing

Next we consider Batten's confusion concerning the correct location of the courthouse to determine whether, based on this

mistake, he should be relieved of the judgment. At oral argument on the motion to set aside the judgment, Batten had the opportunity to present the issues included in his opposing affidavit and to present the evidence that he would have offered at the hearing on the summary judgment motion. The district court, however, did not discuss this basis for mistake in its order denying Rule 60(b) relief.

Where neither findings nor specific reasons were given for the district court's ruling, the appellate court is at liberty to form its own impressions from the record and to reach its own conclusion in deciding whether the judgment should be set aside. *Johnson v. Pioneer Title Co. of Ada County,* 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App. 1983) (reviewing decision denying Rule 60(b) motion to set aside default judgment). In our view, Batten's mistake was one of fact and one which might be made by a reasonably prudent person. We conclude that the Rule 60(b) criteria was met, to justify relief, provided Batten made a showing of a meritorious defense. *See id.*

■ Batten's testimony at the Rule 60(b) motion did not dispute the facts alleged by the Ades on summary judgment. Rather, Batten asserted affirmative defenses which were inapposite to the quiet title complaint and were in the nature of counterclaims for alleged failures and performance, which counterclaims were either barred by the statutes of limitation or did not properly belong to Batten. From our review of the record, we conclude that Batten failed to allege facts raising a genuine issue of material fact, and that the Ades were entitled to judgment as a matter of law. Accordingly, Batten has not shown a meritorious defense and is therefore not entitled to relief on his Rule 60(b) motion. We affirm the district court's denial of the motion for relief from judgment.

## 2. BATTEN'S MOTION TO DISALLOW COSTS WAS PROPERLY DENIED

■ Batten also appeals from the district court's order denying his motion to disallow fees and costs. He asserts that the district court erred in awarding fees and costs to the Ades, contending that the award was unreasonable and an abuse of the district court's discretion.

Pursuant to I.R.C.P. 54(d)(6), any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within fourteen days of service of the memorandum of costs. Whenever service is by mail and a party has the right or is required to do some act within a prescribed period after the service, three days shall be added to the prescribed period. I.R.C.P. 6(e)(1). Batten should have filed his objection to costs no later than February 19, 1993. Thus the district court correctly found that Batten's motion, which was filed February 22, 1993, was untimely.

The district court also considered Batten's motion to disallow costs under I.R.C.P. 60(b), giving Batten the opportunity to show grounds under the rule which would excuse the late filing of his motion to disallow costs. Concluding, however, that Batten had presented no justifiable reason for the untimely filing of the motion, the district court denied the motion to disallow costs.

The failure to timely object constitutes a waiver of all objections to the costs claimed. I.R.C.P. 54(d)(6); *Conner v. Dake,* 103 Idaho 761, 653 P.2d 1173 (1982); *Lowery v. Board of County Commr's,* 115 Idaho 64, 764 P.2d 431 (Ct.App.1988) (decision prior to 1987 amendment). Moreover, because Batten did not appeal from the order on summary judgment awarding fees and costs, he has failed to preserve for appeal the Ades' entitlement to the award. *See* I.A.R. 14. Under the circumstances, we will not review either the propriety of the award itself or the particular amount of fees and costs awarded.

## COSTS AND FEES ON APPEAL

■ Because the Ades have prevailed in this appeal, they are entitled to an award of costs, to be determined under I.A.R. 40. They have requested also an award of attorney fees. Such an award is appropriate where the appellate court is left with an abiding belief that the appeal was brought, pursued or defended frivolously, unreason-

ably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). In particular, an award will be made if an appeal does no more than simply invite the appellate court to second-guess a trial court on conflicting evidence, or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, *Johnson v. Edwards,* 113 Idaho 660, 747 P.2d 69 (1987), or—on review of discretionary decisions—no cogent challenge is presented with regard to the trial judge's exercise of discretion. *McPherson v. McPherson,* 112 Idaho 402, 732 P.2d 371 (Ct.App.1987). These requirements have been satisfied in the present appeal. Consequently, the respondents are entitled to an award of reasonable attorney fees, to be made under I.A.R. 41.

## CONCLUSION

We conclude that Batten's allegation of mistake with respect to his untimely opposing affidavits was insufficient to justify relief under I.R.C.P. 60(b)(1). Although we hold that Batten showed excusable neglect with regard to his mistake about the location of the courthouse, we conclude that Batten failed to show that he had a meritorious defense to the quiet title action which would have entitled him to relief from the judgment. We also conclude that Batten's untimely motion to disallow costs precluded both consideration of his objections by the district court and review by this Court on appeal. Accordingly, the order of the district court denying relief on Batten's Rule 60(b) motion and his motion to disallow costs is affirmed. Costs and fees to the respondents, as stated above.

WALTERS, C.J., concurs.

LANSING, J., concurs in result.