# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42476

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Boise, June 2015 Term |
| | ) | |
| Plaintiff-Appellant, | ) | 2015 Opinion No. 87 |
| | ) | |
| v. | ) | Filed: September 9, 2015 |
| | ) | |
| LUIS ADAME JUAREZ, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Defendant-Respondent. | ) | **SUBSTITUTE OPINION, THE** |
| | ) | **COURT'S PRIOR OPINION** |
| | ) | **DATED SEPTEMBER 1, 2015** |
| | ) | **IS HEREBY WITHDRAWN.** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Lynnette McHenry,[1] Magistrate Judge.

The decision of the district court is <u>reversed</u> and the case is <u>remanded</u> for proceedings consistent with this opinion.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant.

Luis Adame Juarez, Boise, pro se respondent.

---

## ON THE BRIEFS

HORTON, Justice.

This is a companion case to *State v. Garcia*, No. 42516, 2015 WL 5000550 (Aug. 24, 2015). The State appeals the Ada County magistrate court's dismissal of the State's motion for contempt brought against Luis Juarez for failing to make payments ordered in a juvenile proceeding. The magistrate court concluded that it lost jurisdiction by operation of Idaho Code section 20-507. The State appealed and the district court affirmed. We reverse the decision of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Judge McHenry, who dismissed the State's motion for contempt for lack of jurisdiction, was one of four magistrate judges to handle this matter in the magistrate division. Her involvement with the case began July 26, 2012.

1

In 2002, Juarez admitted to committing an offense that would have been a misdemeanor if he had been an adult. Much time passed and the court entered several orders directing Juarez to pay fees and restitution in varying sums. Eventually, on October 6, 2005, the magistrate court entered its Amended Financial Judgment and Order directing Juarez to pay $3,694.85 in restitution.

On January 12, 2010, when Juarez was twenty-two years old, the State filed a motion pursuant to Idaho Criminal Rule 42(c)(2)[2] seeking to have Juarez held in contempt for failing to make the payments ordered in the Amended Financial Judgment and Order. The State's supporting affidavit alleged that Juarez's last payment was made on January 22, 2004, and as of January 6, 2010, he owed a balance of $3,309.85.

The magistrate court entered an order directing Juarez to appear for a show cause hearing on February 19, 2010. Juarez failed to appear for the hearing. Presumably, this was because he was not served with the order. The magistrate court issued a bench warrant for Juarez's arrest, setting bond at $1,500. The bench warrant indicated that Juarez was charged with contempt, a misdemeanor. Juarez was arrested on the warrant on May 7, 2010, and posted bond.

On May 21, 2010, Juarez appeared before a magistrate judge who informed him that he faced a criminal charge of contempt and that he could be jailed for five days and fined $5,000 for the offense. The magistrate judge then explained Juarez's rights. Juarez signed a document entitled "Statement of Rights and Explanation of Procedures for Contempt of Court." This document informed Juarez that he had the rights to remain silent, to be represented by counsel, and to "testify, present evidence, or cross-examine any witness testifying against" him. This document also informed Juarez that a plea of not guilty would result in a trial, that the state had the burden to prove the charge "by a preponderance of the evidence." The magistrate judge then had Juarez speak with the prosecutor. After the prosecutor recounted the substance of his conversation with Juarez, the magistrate judge informed Juarez that if he paid $40 a month for 4 months the contempt charge would be dismissed. The court then set a hearing for September 17, 2010.

The record is silent as to anything that transpired in the following months. The next entry in the record is a May 31, 2011, order directing Juarez to appear on September 15, 2011. Once again, Juarez was not served with a copy of the order and did not appear for the hearing. Another

---

[2] Idaho Criminal Rule 42 applies in actions filed under the Juvenile Corrections Act (JCA). I.J.R. 21.

bench warrant was issued which identified the contempt charge as a misdemeanor. Juarez was arrested on September 28, 2011, and he was released the following day on his own recognizance following a hearing. At the hearing, magistrate judge told Juarez that if he paid $60.00 per month for four months, the contempt charge would be dismissed. The magistrate judge noted that Juarez had yet to enter a plea to the charge and continued the matter to January of 2012.

This continuance was a prelude to multiple continuances of the proceeding over the next two and one-half years. Finally, a show cause hearing was scheduled for February 3, 2014. By this time, Juarez was twenty-six years old. Juarez told the court that he was on felony probation, prompting the following inquiry:

> THE COURT: Luis, what are you on felony probation for?
>
> THE DEFENDANT: Selling drugs.
>
> THE COURT: And when was that?
>
> THE DEFENDANT: That was three years ago.
>
> THE COURT: Here in Ada County?
>
> THE DEFENDANT: Yeah, here in Ada County. The –
>
> THE COURT: I – all right, Luis. I do not have jurisdiction over you and I'm not going to deal with this.
>
> THE DEFENDANT: Okay.
>
> THE COURT: It's not that you still don't owe the money, but the State –
>
> THE DEFENDANT: Right.
>
> THE COURT: – can go after you through a civil judgment. But I find that I do not have jurisdiction over you in juvenile court especially now because the fact that you told me that you had been – or are on felony probation. Once you get a felony in adult court, I lose jurisdiction. It all stops from that point on.
>
> So you still have this money that you owe and you will continue to owe that. I'm assuming that the State did file a judgment. I don't know. But hopefully – I mean, I don't care one way or the other, but if the State filed a civil judgment against you, that civil judgment continues until it's paid off.
>
> THE DEFENDANT: Right.
>
> THE COURT: As long as the State renews it in a timely manner. So I'm going to find for our purposes, you and me, that I do not have jurisdiction to even hear this case.

The court then dismissed the motion for contempt and filed an order to that effect on February 6, 2014.

The State appealed. The district court affirmed, concluding that the magistrate court did not have jurisdiction over Juarez once he turned twenty-one years of age. The district court reasoned that contempt was not available to compel payment of a restitution obligation arising from a proceeding under the JCA because the magistrate court's jurisdiction was conveyed by operation of Idaho Code section 20-505 and withdrawn by operation of Idaho Code section 20-507. The State timely appealed from the district court's decision.

## II. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its appellate capacity over a case from the magistrate court, this Court directly reviews the district court's decision. *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013). To determine whether the district court erred in affirming the decision of the magistrate court, this Court reviews the magistrate record "to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings." *Id.* at 858, 303 P.3d at 217 (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)).

> Additionally, "[t]his Court freely reviews the interpretation of a statute and its application to the facts." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 685 (2009) (citing *State v. Yzaguirre*, 144 Idaho 471, 474, 163 P.3d 1183, 1186 (2007)). "Whether a court lacks jurisdiction is a question of law . . . over which appellate courts exercise free review." *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004) (citation omitted).

*State v. Doe*, 156 Idaho 243, 245, 322 P.3d 976, 978 (2014) (alteration in original).

## III. ANALYSIS

The question presented in this appeal is whether the juvenile court has jurisdiction over contempt proceedings arising from the failure to comply with an order entered in an action under the JCA when the offender is over twenty-one or has been convicted of a felony. The State argues that the juvenile court had subject matter jurisdiction to hear the motion for contempt arising from the inherent contempt powers of every court. Juarez did not participate in this appeal.

In the accompanying *Garcia* case, we addressed the juvenile court's jurisdiction to hear motions for contempt brought pursuant to Idaho Criminal Rule 42. We found that the district court erred when it concluded that the juvenile court had jurisdiction "conveyed by operation of

I.C. § 20-505" that was "subsequently withdrawn by operation of I.C. § 20-507" upon the defendant turning twenty-one. *State v. Garcia*, No. 42516, 2015 WL 5000550, at *5 (Aug. 24, 2015). Because the additional fact that Juarez had also been convicted of a felony does not affect the result, the analyses contained in our *Garcia* decision is equally applicable here and we will not revisit it. As in *Garcia*, we hold that Idaho Code section 20-505 does not apply to contempt proceedings brought pursuant to Idaho Criminal Rule 42 and consequently Idaho Code section 20-507 does not divest the court of jurisdiction. The court's jurisdiction to adjudicate the claimed contempt does not derive from its authority under the JCA; rather, it derives from the inherent powers of the court. Thus, as in *Garcia*, the court had jurisdiction to adjudicate Juarez's alleged contempt.

That being said, this case has a markedly different procedural history than *Garcia.* Although both cases started with a motion for contempt brought under Idaho Criminal Rule 42, the court proceeded as if Juarez had been charged with the crime of misdemeanor contempt pursuant to Idaho Code section 18-1801. Both bench warrants stated that Juarez had failed to appear for a show cause hearing on the pending charge of misdemeanor contempt. Because the procedure for a prosecution of the misdemeanor crime of contempt charge is markedly different from a proceeding on a motion for contempt under Idaho Criminal Rule 42, we feel it necessary to address misdemeanor criminal contempt under Idaho Code section 18-1801.

There is a vast difference between criminal contempt and the misdemeanor crime of contempt. "Idaho Code § 18-1801 makes certain kinds of contemptuous conduct a misdemeanor. Although that misdemeanor is sometimes called 'criminal contempt,' *see State v. Chapman,* 112 Idaho 1011, 739 P.2d 310 (1987), it is more accurately the crime of contempt." *Camp v. E. Fork Ditch Co.*, 137 Idaho 850, 861, 55 P.3d 304, 315 (2002). Idaho Criminal Rule 42 expressly provides that it does not apply in the prosecution of charges of criminal contempt under Idaho Code section 18-1801, as does its counterpart in Idaho Rule of Civil Procedure 75.

We first note that the magistrate court had jurisdiction over a charge of misdemeanor contempt under Idaho Code section 18-1801. Idaho Code section 20-505 provides that the JCA "shall *not* apply to juvenile violators of . . . criminal contempt laws except that a juvenile violator under the age of eighteen (18) years at the time of such violation may, at the discretion of the court, be treated under the provisions of this chapter . . . ." I.C. § 20-505(6). Thus, if the offender is under eighteen years of age at the time of the criminal contempt, and the juvenile court

5

exercises its discretion to treat the offense under the JCA, then Idaho Code section 20-507 would operate to terminate the juvenile court's jurisdiction as the proceedings would arise out of the JCA. *Compare State v. Garcia*, No. 42516, 2015 WL 5000550 (Aug. 24, 2015) *with State v. Doe*, 147 Idaho 326, 208 P.3d 733 (2009).

Here, the magistrate court did not have the discretion to process the case under the JCA because Juarez was over eighteen years old at the time of the alleged contempt. The State's motion for contempt was based upon Juarez's alleged failure to comply with the Amended Financial Judgment and Order. Juarez was over eighteen when this order was entered. The criminal charge of contempt under Idaho Code section 18-1801 was not within the court's exclusive, original jurisdiction under the JCA. I.C. § 20-505(6). Therefore, Idaho Code section 20-507 did not operate to divest the court of jurisdiction.

Operating from the premise that the magistrate court meant what it said when it characterized the proceedings as misdemeanor criminal contempt proceedings, we think it is important to note a number of concerns that we have regarding what transpired below. First, "the crime of contempt is a misdemeanor, I.C. § 18-1801, and the statute of limitations for that misdemeanor is one year from the date of its commission, I.C. § 19-403(1)." *Charney v. Charney*, 2015 WL 3858528, at \*6 (June 23, 2015). The affidavit in support of the State's motion for contempt alleged that the Amended Financial Judgment and Order was entered on October 6, 2005, and that Juarez was ordered to make payment "in full within 30 days from the date of the Order." Thus, based on the State's own affidavit, the alleged crime was committed in November of 2005, more than four years before these proceedings were commenced.[3]

Second, although this action was processed as a criminal case, no complaint was ever filed. Idaho Criminal Rule 3 dictates that "all criminal proceedings shall be initiated by complaint or indictment and prosecuted thereafter by complaint, indictment or information."[4] *See also* I.C. § 19-505.

Third, despite the lack of a complaint and without a finding of probable cause, the magistrate court twice issued warrants which resulted in Juarez's arrest. The guarantee against unreasonable search and seizure in article I, § 17 of the Idaho Constitution is substantially the same as the parallel provisions of the Fourth Amendment to the United States Constitution,

---

[3] We acknowledge that the statute of limitations is tolled for the time that a defendant is outside Idaho. I.C. § 19-404.

[4] Idaho Misdemeanor Criminal Rule 3(b) provides that a citation may be used as the complaint.

which provides: "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* I.C. § 19-4403. The Fourth Amendment and Article 1 section 17 of the Idaho constitution mandate that no warrant shall be issued for a search or arrest except upon a showing of probable cause. *State v. Watson*, 99 Idaho 694, 696, 587 P.2d 835, 837 (1978) ("a suspect's arrest and pretrial detention, not based on the probable cause finding of a neutral and detached magistrate, is impermissible under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and Article 1 § 17 of the Idaho Constitution . . . ."). The record before this Court reflects that Juarez's constitutional rights were twice violated when arrest warrants were issued without a determination of probable cause.

Fourth, the court's written "Statement of Rights and Explanation of Procedures for Contempt of Court" erroneously advised Juarez that the State bore the burden of proving the contempt "by a preponderance of the evidence." Of course, in criminal prosecutions, the State's burden is proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970) ("[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

Fifth, the court erroneously advised Juarez of the potential penalties upon conviction for misdemeanor contempt. Idaho Code section 18-1801 does not prescribe the penalty for misdemeanor contempt. Thus, the maximum penalty that may be imposed is up to six months in jail and a fine of $1,000. I.C. § 18-113; *Camp v. E. Fork Ditch Co.*, 137 Idaho 850, 861 n.6, 55 P.3d 304, 315 n.6 (2002) (discussing *Dutton v. District Court*, 95 Idaho 720, 518 P.2d 1182 (1974), upholding six month jail sentence and $300 fine).

Sixth, the magistrate court did not appear to recognize that Juarez has the right to a jury trial for the misdemeanor charge of contempt. *State v. Bennion*, 112 Idaho 32, 42, 730 P.2d 952, 962 (1986).

Finally, Juarez appeared before the court without counsel. Although there should be no need to do so, we caution courts not to direct a defendant in a criminal action to discuss his or her case with the prosecutor without obtaining a knowing and voluntary waiver of the right to the assistance of counsel.

## IV. CONCLUSION

We reverse the district court's decision affirming the magistrate court's order dismissing the State's motions for contempt. We remand for proceedings consistent with this opinion.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.