# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43945

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 761 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHAD L. WAHL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Appeal from order denying motion for reconsideration, <u>dismissed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Chad L. Wahl appeals from the district court's order denying Wahl's motion for reconsideration of the denial of Wahl's motion seeking relief from judgment.[1] He specifically argues that enforcement of his restitution order is barred by the statute of limitations. For the reasons explained below, we dismiss the appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Wahl pled guilty to felony eluding a peace officer pursuant to Idaho Code § 49-1404(2)(a), (c). At sentencing in July 2004, the district court ordered Wahl to pay restitution in

_____

[1] Wahl's notice of appeal states that he appeals from the district court's denial of the motion for reconsideration, but Wahl's briefings challenge the district court's denial of the motion for relief from judgment.

the amount of $5,215. In September 2009, the district court clerk filed an affidavit and notice of failure to pay, noting that restitution was still outstanding. The notice further stated that if payment was not made by October 2009, the clerk would pursue enforcement by way of a collection agency.

Pursuant to Idaho Rule of Civil Procedure 60(b),[2] Wahl moved the district court for relief from the restitution order in October 2015. Wahl argued the restitution order expired five years after the date it was entered and was therefore void by the time the notice of failure to pay was filed. In support of his argument, Wahl cited the 2004 version of Idaho Code § 10-1110, which set forth a five-year expiration timeframe for judgment liens.

The district court denied Wahl's motion on October 29, 2015, reasoning that his motion was untimely and, even if the motion was timely, the district court lacked jurisdiction to modify the order. The district court further noted that a restitution order was not a judgment subject to the statute of limitations. Finally, the district court held that even if the restitution order was indeed subject to the five-year statute of limitations, that argument is an affirmative defense that Wahl had the burden to prove, and such a defense constitutes a response to a plaintiff's complaint. Since there were no pleadings or an actual controversy, the district court determined that ruling on the applicability of the statute of limitations would constitute an unconstitutional advisory opinion.

On December 21, 2015, Wahl filed a motion for reconsideration. The district court denied the motion on December 23, 2015. Wahl filed his notice of appeal on January 19, 2016, requesting that this Court vacate the district court's order denying Wahl's motion for relief from judgment and remand with instructions to grant his motion.

## II.

## ANALYSIS

As an initial matter, the State contends this Court lacks jurisdiction to consider the merits of Wahl's appeal. Whether a court lacks jurisdiction is a question of law over which appellate courts exercise free review. *State v. Juarez*, 159 Idaho 91, 94, 356 P.3d 384, 387 (2015). Wahl emphasizes that his appeal in this case is solely from the denial of his motion for reconsideration.

---

[2] Idaho Rule of Civil Procedure 60(b) governs relief from a final judgment, order, or proceeding.

As such, we note that Wahl's motion for reconsideration was untimely from the district court's order denying Wahl's request for relief from judgment. In *State v. Ferguson*, 138 Idaho 659, 67 P.3d 1271 (Ct. App. 2002), we analyzed the timeliness of an appeal when the defendant challenged a motion for reconsideration regarding a restitution order. We noted that "in the civil arena, this Court has held that a motion under I.R.C.P. 59 to alter or amend the judgment or a motion under I.R.C.P. 11(a)(2)(B) for reconsideration tolls the time period for the filing of a notice of appeal as provided in I.A.R. 14(a)." *Ferguson*, 138 Idaho at 661, 67 P.3d at 1273. A motion under I.R.C.P. 59(e), in order to be timely, must be filed within fourteen days after the entry of the judgment. *Ross v. State*, 141 Idaho 670, 671, 115 P.3d 761, 762 (Ct. App. 2005). Similarly, I.R.C.P. 11(a)(2)(B), before its amendment in 2016, read:

> A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment. A motion for reconsideration of any order of the trial court made after entry of final judgment may be filed within fourteen (14) days from the entry of such order.

*Agrisource, Inc. v. Johnson*, 156 Idaho 903, 911, 332 P.3d 815, 823 (2014). Idaho Rule of Civil Procedure 11(a)(2) has been amended and renumbered to I.R.C.P. 11.2, which has the same fourteen-day time limit for motions to reconsider.

Here, the final judgment was entered in July 2004. The district court denied Wahl's request for relief from judgment on October 29, 2015. Fifty-three days later, on December 21, 2015, Wahl filed his motion for reconsideration. Like we did in *Ferguson*, we look to the Idaho Rules of Civil Procedure for guidance and hold that Wahl's motion for reconsideration was untimely because it was not filed within fourteen days of the denial of his motion for relief from judgment. An untimely motion for reconsideration does not enlarge the period of time for the direct appeal. *Ade v. Batten*, 126 Idaho 114, 116, 878 P.2d 813, 815 (Ct. App. 1994). Thus, the appeal to this Court is untimely because the motion for reconsideration was untimely.

### III.

### CONCLUSION

This Court lacks jurisdiction to consider Wahl's issues on appeal because his motion for reconsideration to the district court was untimely. We therefore dismiss this appeal.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

3